# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIAM F. CARADINE, II                                                                          PETITIONER
ADC #90785

v.                                          5:10-cv-00351-JLH-JJV

RAY HOBBS, Director,                                                                            RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  500 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, William F. Caradine, II, an inmate in the Varner Supermax Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1).

## I.     BACKGROUND

On May 14, 2010, Mr. Caradine, represented by counsel, entered a negotiated plea of guilty to two counts of aggravated robbery, robbery, and commercial burglary in the Circuit Court of Sebastian County, Arkansas. (Doc. No 13-1, Ex. A). Mr. Caradine was sentenced to 360 months in the Arkansas Department of Correction (ADC). The Judgment and Commitment Order was entered on May 18, 2010. (*Id.*).

On October 26, 2010, Mr. Caradine filed a Rule 37 Petition in the circuit court. (Doc. No. 13-2, Ex. B). In his Rule 37 Petition, he argued that he should have been given a mental evaluation prior to his pleading guilty because the public defender and the prosecutor did not understand the "reasonable summary of [his] addictions to drugs and [his] inability to cope mentally as normal people, without the proper ability to stay sober minded and take [his] prescribed medication from

[his] free world psycyatrist [sic]" and that he was denied counsel because the "public defender and the prosecution didn't give [him] the opportunity to have a chance to redeem himself." (Doc. No. 13-2, Ex. B). Mr. Caradine admits that he filed his Rule 37 Petition in the wrong court. (Doc. No. 1). He sent his Rule 37 Petition to the Lincoln County Circuit Court. (*Id*.). The Lincoln County court returned his Rule 37 Petition to him three and one-half days later. He then sent it to the Sebastian County Circuit Court. (*Id*.). The Sebastian County court denied Mr. Caradine's Rule 37 Petition as untimely on October 28, 2010.[1] (Doc No. 13-3, Ex. C). Mr. Caradine did not appeal the denial of his Rule 37 Petition.

Mr. Caradine filed a habeas corpus petition on August 10, 2010, in Sebastian County Circuit Court arguing that his sentence was illegal because he had serious mental disorders. (Doc. No. 23). On August 18, 2010, his petition was denied based on lack of jurisdiction because Mr. Caradine was not being held in Sebastian County.[2] (*Id*.).

Mr. Caradine filed the instant Petition for Writ of Habeas Corpus (Petition) on December 8, 2010. (Doc. No. 1). In his Petition, Mr. Caradine asks this Court to order that he receive a mental evaluation. (*Id*.). Furthermore, he appears to be arguing that he was denied a mental evaluation and therefore he did not make a knowing and voluntary plea. (*Id*.). Lastly, he appears to be contending that he received ineffective assistance of counsel because his public defender and the prosecutor threatened him with a life sentence. (*Id*.).

---

[1] Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), "If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment."

[2] Mr. Caradine argues in his instant Habeas Petition that he has sent in a habeas petition to the Lincoln County Circuit Court. However, according to Respondent, there is no record that such a petition was ever filed.

On January 24, 2011, the Respondent filed a Response arguing that Mr. Caradine's Petition should be dismissed because his claims are procedurally defaulted. (Doc. No. 13).

## II. DISCUSSION

A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). This includes cases in which the state court judgment turns on an independent and adequate state procedural ground, such as a determination that a claim is procedurally defaulted. *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995); *Reagan*, 279 F.3d at 656. Where the state court dismisses a habeas petitioner's claims based on their failure to fairly present their claims to the state court or dismisses their claims based on independent and adequate state law grounds, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice; that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

The Sebastian County Circuit Court found that Mr. Caradine's Rule 37 petition was untimely and, therefore, did not address the claims made in it. Because of this, the Respondent contends that Mr. Caradine's claims are procedurally defaulted.

### A.     Cause and Prejudice

Because Mr. Caradine's claims are barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas petition. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something "external to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir.1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Mr. Caradine argues that his Rule 37 Petition is untimely because he mailed it to the wrong circuit court. He states that he mailed it to the Lincoln County Circuit Court, but it was sent back to him three and a half days later because it should have been sent to the Sebastian County Circuit Court. It appears from the certificate of service on Mr. Caradine's Rule 37 Petition, that he sent it to the Lincoln County Circuit Court of August 5, 2010. (Doc. No. 13, Ex. B). However, it appears by the notary stamp on his Rule 37 Petition, that he failed to resend his Rule 37 Petition to the Sebastian County Circuit Court until September 29, 2010. (*Id*.). This is well after the ninety day deadline.

It is solely the fault of Mr. Caradine that he sent his Rule 37 Petition to the wrong court. He cannot show that something "external to him" or "something that cannot be fairly attributed to him" caused his procedural default. Furthermore, Mr. Caradine delayed over a month from the date he received his Rule 37 Petition back from the Lincoln County court to mail it to the proper court. Therefore, Mr. Caradine cannot show cause for his procedural default. Because Mr. Caradine

cannot show cause, this Court does not have to address the prejudice prong.

### B.   Actual Innocence

A federal habeas petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). The "actual innocence gateway is very limited. Few petitioners are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*.

Mr. Caradine does not argue he is actually innocent of the charges and, therefore, does not invoke the miscarriage of justice exception. In fact, Mr. Caradine admits that he committed robbery. He states in his Brief in Support of his Habeas Petition that "[r]eproachfully I was under the influence of drugs and deceive by my enemies. I ponder the thought of being inevitably defrauded by such aggression, by taking on the character of a robber of such madness and possess by chemicals." (Doc. No. 4). Because Mr. Caradine does not contend that he is actually innocent or provide any evidence to prove so, the Court finds that Mr. Caradine cannot overcome his procedural default.

## III.   CONCLUSION[3]

IT IS THEREFORE RECOMMENDED that:

1.    Mr. Caradine's § 2254 petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED;

---

[3] Mr. Caradine requests that the Court order the ADC to give him a mental evaluation. This Court is not vested with the authority to order that Mr. Caradine be given a mental evaluation.

2.	A certificate of appealability should be denied[4]; and

3.	All other pending motions should be denied as moot.

IT IS SO ORDERED this 16th day of March, 2011.

                                                    JOE J. VOLPE
                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Pursuant to 28 U.S.C. § 2253 and Rule 11 of the RULES GOVERNING SECTION 2554 CASES IN THE UNITED STATES DISTRICT COURT, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Caradine has made a substantial showing of denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.